UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08272-MCS-AS | Date | December 10, 2024 |
| Title | *Adams v. Walmart, Inc.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 16)

Plaintiff Michael Adams filed this personal injury case in Los Angeles County Superior Court naming Walmart, Inc., Doe 1 (Store Manager), and Does 2–50 as defendants. (Compl., ECF No. 1-1.) Defendant Walmart, Inc.,[1] removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal 2, ECF No. 1.) Plaintiff moved to remand,[2] (ECF No. 16), Defendant opposed, (ECF No. 20), and Plaintiff replied, (ECF No. 21). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that

---

[1] All standalone references to "Defendant" refer to Defendant Walmart, Inc.
[2] Plaintiff does not include a Certificate of Compliance as to the length of his motion. L.R. 11-6-2. The Court considers the motion on its merits but failure to adhere to the Court's rules and requirements in the future may result in sanctions.

the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Plaintiff contends that this Court lacks jurisdiction because Defendant cannot show by a preponderance of the evidence that the amount in controversy exceeds $75,000 or that the parties are completely diverse since Defendant Doe 1 is a citizen of California. (Mot. 12–25.) The Court disagrees and denies the motion.

First, the Court concludes that Defendant has satisfied its burden with respect to the amount in controversy. Defendant cites Plaintiff's own admission that he has already accrued medical expenses exceeding $190,000. (Romell Decl. Ex. 4, at 3–4, ECF No. 20-1.) Plaintiff argues that the medical expense calculation is unavailing because it does not include any reductions that Defendant may seek at trial. (Reply 11–12.) However, this does not inform the question of whether over $75,000 is in controversy for jurisdictional purposes. *See Smith v. Ralphs Grocery Co.*, No. 2:14-cv-00053-JAD-PAL, 2014 U.S. Dist. LEXIS 85153, at *4 (D. Nev. June 18, 2014) (stating that whether defendant contests the proffered medical expenses is "of no consequence" to the amount in controversy analysis because, "were that the touchstone, few cases would meet the threshold amount"); *see also Vaquerano v. Sams W., Inc.*, No. CV 24-04040-PSG-RAOx, 2024 U.S. Dist. LEXIS 126149, at *5 (C.D. Cal. July 17, 2024) (considering defendant's evidence of plaintiff's medical expenses when analyzing the amount in controversy).

Second, the Court finds that the parties are diverse at present. Plaintiff argues that Defendant Doe 1 is a California citizen, which defeats diversity. (Mot. 14–19.) Plaintiff is incorrect. The Ninth Circuit has ruled that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *see also Ma v. Bank of Am., N.A.*, No. CV 23-09456-MWF (AGRx), 2024 U.S. Dist. LEXIS 102363, at *4–5 (C.D.

Cal. May 6, 2024) (quoting *id.*). Here, Plaintiff asserts that he will add the true name of Defendant Doe 1 either in this venue or in state court upon remand. (Reply 2.) Federal procedure provides a mechanism Plaintiff has yet to exercise. 28 U.S.C. § 1447(e) (authorizing motion for joinder of a defendant who "would destroy subject matter jurisdiction"). If Plaintiff elects to file a § 1447(e) motion, Defendant can contest whether Defendant Doe 1 is fraudulently joined, as it claims in its opposition. (Opp'n 8–10.)[3]

## IV.   CONCLUSION

The Court denies Plaintiff's motion. The Court also reschedules the Scheduling Conference to January 27, 2025. at 10:00 a.m.

**IT IS SO ORDERED.**

---

[3] The Court encourages the parties to meet and confer as to whether this case is better suited for adjudication in state court based on Plaintiff's representations about Defendant Doe 1 and the parties' arguments regarding fraudulent joinder.